■ RANDOLPH G. LYON, Respondent, v. JOSEPHINE A. BANKS et al., as Copartners Doing Business as BANKS SHIPRIGGING, Defendants and Third-Party Plaintiffs-Respondents. PROJECT CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant.— In an action by an employee of an independent contractor to recover damages for personal injuries from a subcontractor of

824

his employer, the subcontractor served a third-party complaint on the employer alleging that it was guilty of active negligence. That complaint alleges that appellant had a contract with the United States Government to perform certain work on a government vessel, that appellant had control of the vessel during the performance of its work thereon, that appellant hired the subcontractor to do certain rigging work on the vessel and that plaintiff-respondent was injured on the vessel during the course of his employment. The appeal is from an order denying appellant's motion to dismiss the third-party complaint upon the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements to the third-party plaintiffs-respondents, payable by the third-party defendant-appellant. In advance of a trial, it cannot be said with any degree of certainty whether the subcontractor has properly invoked a claim of liability over on the appellant's part. There are issues which should be resolved by the triers of the facts and which cannot be determined by the court on the basis only of the present pleadings (cf. *Tarantino* v. *Buck*, 6 A D 2d 894). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.